IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

LINDA L. FORDHAM,

    Plaintiff,

v.

HERITAGE ACCEPTANCE CORPORATION,

    Defendant.

Case No.  4:18-cv-00102

## COMPLAINT

NOW COMES, LINDA L. FORDHAM, through counsel, SULAIMAN LAW GROUP, LTD., complaining of HERITAGE ACCEPTANCE CORPORATION, as follows:

## NATURE OF THE ACTION

1. This action arises under the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227 *et seq*.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

4. LINDA L. FORDHAM ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 3567 Chauncey Court East, Apartment A, Lafayette, Indiana 47905.

5. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

6. HERITAGE ACCEPTANCE CORPORATION is a domestic corporation with its principal place of business in Elkhart, Indiana.

1

7. Heritage Acceptance Corporation. is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

8. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the number ending in 7039.

9. At all times relevant, Plaintiff's number ending in 7039 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

10. At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

11. In July 2018, Plaintiff fell subject to Heritage Acceptance Corporation's collection call campaign who was trying to collect on Plaintiff's friend, Candy Runyon's automobile loan.

12. Initially, Plaintiff answered many of Heritage Acceptance Corporation's *daily* phone calls.

13. Each time, Plaintiff was greeted by clear pause prior to being connected to Heritage Acceptance Corporation's representative.

14. Each time, Heritage Acceptance Corporation's representative asked to speak to Ms. Runyon.  Each time, Plaintiff simply hung up.

15. Finally, Plaintiff informed Heritage Acceptance Corporation that she was "sick of these calls … to stop calling."

16. In spite of Plaintiff's requests, Heritage Acceptance Corporation continues to call Plaintiff's cellular telephone.

## DAMAGES

17. Heritage Acceptance Corporation's collection calls have severely disrupted Plaintiff's everyday life and overall well-being.

18. Heritage Acceptance Corporation's telephone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, decreased work productivity, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

## CLAIMS FOR RELIEF

### COUNT I:
**Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq*.)**

19. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

20. Heritage Acceptance Corporation placed or caused to be placed no less than 15 non-emergency calls, including but not limited to the aforementioned phone calls, to Plaintiff's cellular telephone utilizing an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

21. Upon information and belief, based on the lack of prompt human response, Heritage Acceptance Corporation employed an ATDS to place calls to Plaintiff's cellular telephone.

22. Upon information and belief, the ATDS employed by Heritage Acceptance Corporation transfers the call to a live representative once a human voice is detected, hence the clear pause.

23. Upon information and belief, Heritage Acceptance Corporation acted through its agents, employees, and/or representatives at all times relevant.

24. As a result of Heritage Acceptance Corporation's violations of 47 U.S.C. §227 (b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

25. As a result of Heritage Acceptance Corporation's *knowing and willful violations* of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

WHEREFORE, Plaintiff requests the following relief:

A. a finding that Heritage Acceptance Corporation violated 47 U.S.C. § 227 *et seq*.;

B. an order enjoining Heritage Acceptance Corporation from placing any further calls to Plaintiff's cellular telephone number ending in 7039 in the future;

C. an award of statutory damages of at least $500.00 for each and every violation;

D. an award of treble damages of up to $1,500.00 for each and every violation; and

E. an award of such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

December 26, 2018　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Joseph S. Davidson*

　　　　　　　　　　　　　　　　　　　　　　　　　　Joseph S. Davidson
　　　　　　　　　　　　　　　　　　　　　　　　　　Mohammed O. Badwan
　　　　　　　　　　　　　　　　　　　　　　　　　　**SULAIMAN LAW GROUP, LTD.**
　　　　　　　　　　　　　　　　　　　　　　　　　　2500 South Highland Avenue
　　　　　　　　　　　　　　　　　　　　　　　　　　Suite 200
　　　　　　　　　　　　　　　　　　　　　　　　　　Lombard, Illinois 60148
　　　　　　　　　　　　　　　　　　　　　　　　　　+1 630-575-8181

jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com

*Counsel for Linda L. Fordham*